IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ERWIN D. MIEGER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 03-153-S-LMB |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| G. WILLIAM TISCHER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Currently pending before the Court are Defendants' Motion for Leave to Amend (Docket No. 68) and Defendants' Motion to Continue Trial and Request for Delayed Ruling (Docket No. 79). Having carefully reviewed the record, considered oral arguments, and otherwise being fully advised, the Court enters the following Order.

## I.

## BACKGROUND

On July 1, 2003, the Court entered a Scheduling Order setting the instant action for trial commencing on June 15, 2004, and requiring, *inter alia*, that any motions to amend the pleadings be filed by August 15, 2003. *Scheduling Order* (Docket No. 20).

On December 19, 2003, Defendants filed a Motion for Leave to Withdraw as Counsel of Record for Defendants (Docket No. 21). On January 14, 2004, the Court granted Defendants' requested relief. *Order* (Docket No. 24).

On February 17, 2004, Defendants submitted a Motion to Extend Time to Retain Counsel and to Stay All Deadlines (Docket No. 27). On February 23, 2004, the Court granted Defendants' requested relief. *Order* (Docket No. 28). On March 24, 2004, Defendants filed a

Motion to Vacate Trial Dates and Extend Discovery Deadlines (Docket No. 33), which the Court granted on May 20, 2004.  *Minute Entry* (Docket No. 41).

On May 24, 2004, the Court entered a second Scheduling Order requiring, *inter alia*, that all factual discovery shall be completed by December 15, 2004 and that all pretrial motions shall be submitted no later than January 10, 2005.  *Scheduling Order* (Docket No. 42).  The case was rescheduled for trial commencing on February 28, 2005. *Id.*

On July 7, 2004, a second Motion for Leave to Withdraw as Counsel of Record for Defendants was filed (Docket No. 43), which the Court granted on August 4, 2004.  *Order* (Docket No. 45).

On December 17, 2004, Defendants filed yet another Motion to Vacate the Trial (Docket No. 53), which the Court granted on December 23, 2004.  *Order* (Docket No. 58).  On January 12, 2005, the Court reset the case for trial, for a third time, on September 12, 2005.  *Scheduling Order* (Docket No. 60).

On January 14, 2005, a third Motion for Leave to Withdraw as Counsel of Record for Defendants was filed (Docket No. 61), which the Court granted on January 26, 2005.  *Order* (Docket No. 66).

On June 2, 2005, a fourth Motion for Leave to Withdraw as Counsel of Record for Defendants was filed (Docket No. 70), which the Court granted on July 12, 2005.  *Order* (Docket No. 76).

Currently pending before the Court are Defendants' Motion for Leave to Amend the Answer, Counterclaim, and Third-Party Complaint (Docket No. 68), filed on May 13, 2005, and Defendants' Motion to Continue Trial and Request for Delayed Ruling (Docket No. 79), filed on August 11, 1005.

ORDER - 2

With the history of the case in mind, and having read the briefs, memos, affidavits and having heard the argument of counsel during the August 24, 2005 hearing, the Court enters the following written order which will memorialize the oral ruling from the bench at that hearing.

## II.

## MOTION FOR LEAVE TO AMEND

On May 13, 2005, Defendants filed their Motion for Leave to Amend (Docket No. 68). On July 25, 2005, Plaintiff filed a Response in Opposition (Docket No. 77).

### A.    <u>Leave to Amend Answer to Add Counterclaim and Third-Party Complaint</u>

Defendants bring their Motion for Leave to Amend the Answer, Counterclaim, and Third-Party Complaint pursuant to Federal Rule of Civil Procedure 15, as well as District of Idaho Local Civil Rule 15.1.  *Motion to Amend*, p. 2 (Docket No. 68).  Were the Court to grant the motion, it would result in mostly *de minimis* changes to Defendants' Answer (Docket No. 13) (*i.e.*, the only change of any substance would be the addition of the reference to "Sections 12-120 and 12-121, Idaho Code" in the section in which Defendants state the prayed-for relief). *Compare Answer*, p. 8 (Docket No. 13), *with Motion to Amend*, Ex. A, p. 12 (Docket No. 68). However, were Defendants' motion to be granted in its entirety, it would result in a significant change to the litigation as it would add a counterclaim and third-party complaint.   Nonetheless, Defendants bring their Motion to Amend pursuant only to Fed. R. Civ. P. 15 and Local Rule 15.1.  *Motion to Amend*, p. 2 (Docket No. 68); *Williams Affidavit*, p. 2 (Docket No. 69).

Fed. R. Civ. P. 15 addresses amended and supplemental pleadings, in general.  Hence, subsection (a) states:

> **(a) Amendments.**  A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a).  Likewise, Local Rule 15.1, the other rule pursuant to which Defendants bring their Motion to Amend, also applies to amendments and states:

> A party who moves to amend a pleading must describe the type of the proposed amended pleading in the motion (i.e., motion to amend answer, motion to amend counterclaim). Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. Failure to comply with this rule is not grounds for denial of the motion. The proposed amended document will be filed at the time of filing the motion and submitted to the Court for approval. However, typographical errors in briefs or other documents shall be brought to the attention of the Court.

D. Id. L. Civ. R. 15.1.

Neither Fed. R. Civ. P. 15 nor Local Rule 15.1 address counterclaims or third-party complaints.  Rather, counterclaims and third-party complaints are specifically addressed by Fed. R. Civ. P. 13 and 14, respectively, and their counterparts in the Local Rules.  Hence, the relevant subsections of Fed. R. Civ. P. 13 states:

> **(e) Counterclaim Maturing or Acquired After Pleading.**  A claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading.

ORDER - 4

> **(f) Omitted Counterclaim.** When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment.

Fed. R. Civ. P. 13(e),(f).  Further, the relevant subsection of Fed. R. Civ. P. 14 states:

> **(a) When Defendant May Bring in Third Party.** At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.  The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than 10 days after serving the original answer.  Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

Fed. R. Civ. P. 14(a).  Nonetheless, even though Rules 13 and 14 specifically address counterclaims and third-party complaints, Defendants bring their motion pursuant only to Fed. R. Civ. P. 15 and its counterpart in Local Rule 15.1.

That the Federal Rules of Civil Procedure set out specific requirements for bringing counterclaims and third-party claims in Rules 13 and 14 indicates that such claims must be brought pursuant to those Rules, and not solely under the general amendment requirements of Rule 15.  After all, if parties could add counterclaims and third-party complaints via a motion for leave to amend under Rule 15 alone, the requirement in Rules 13 and 14 would be easily circumvented, leaving those rules without force or effect.

Because Defendants have brought their Motion to Amend only pursuant to Fed. R. Civ. P. 15 and Local Rule 15.1, Defendants have not asserted nor established the grounds for seeking permission of the Court to present a counterclaim that matured or was acquired after pleading under Fed. R. Civ. P. 13(e) to present an omitted counterclaim under Fed. R. Civ. P. 13(f), nor to bring a third-party complaint under Fed. R. Civ. P. 14(a).  Accordingly, the Court denies Defendants' Motion to add a counterclaim and third-party complaint.

### B.    Motion for Leave to Amend Answer

This Court issued a Scheduling Order on July 1, 2003, which specifically set a cutoff date of August 15, 2003 for motions to join additional parties or to amend pleadings (Docket No. 20). However, on May 13, 2005, well after the cutoff date, Defendants filed the instant Motion for Leave to Amend.  (Docket No. No. 68).

The Ninth Circuit Court of Appeals has held that although motions to amend are generally resolved under the liberal amendment policy of Fed. R. Civ. P. 15(a), after a district court enters a scheduling order pursuant to Fed. R. Civ. P. 16 establishing an amendment deadline, then any motion to amend filed after the deadline is governed by Rule 16.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).  In such a situation, the party seeking to amend its pleading must first establish "good cause" under Rule 16, and then, if such "good cause" was shown, the moving party must establish the amendment is appropriate under Rule 15.  *Id.* at 608 (citing *Fortsmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

Because Defendants' Motion to Amend was filed after the deadline set forth in the Scheduling Order, it is governed by Rule 16.  Therefore, Defendants must establish both "good cause" for the amendment under Rule 16 and that the amendment is appropriate under Rule 15.

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609 (citations omitted).  Thus, Defendants must establish that, despite their diligent attempts to conform to the Scheduling Order, they could not reasonably conform to the original amendment deadline.

Defendants contend that the filing of the Amended Answer, Counterclaim and Third-Party Complaint is necessitated, in part, due to another recent realignment of the actors in this property drama. Within approximately the last two months, Defendants argue that they have learned that Stephen A. Roth and/or his associated entities have bought out and indemnified the Plaintiff in this action, Edwin Mieger. Thus, Defendants assert it is appropriate that all causes relating to Roth, as well as all related causes relating to the property, be heard in a single forum. *Williams Affidavit*, p. 2 (Docket No. 69).

Because the Court has denied Defendants' Motion to add a counterclaim and third-party complaint, all that remains for the Court's consideration is that part of the Motion that would amend the Answer.  Defendants must establish Rule 16(b) "good cause" as to those requested changes.  Were the Court to grant the requested amendment, the following changes to Defendants' Answer (Docket No. 13) would result:

| In Original Answer (Docket No. 13): | Proposed  Amended Answer: |
|---|---|
| • Paragraphs numbered to follow numbering of the complaint (*i.e.*, 1.1, 1.2, 1.3, . . . 2.1, 2.2, 2.3, *etc.*) | • Paragraphs numbered with consecutive whole numbers (*i.e.*, 1, 2, 3, 4, *etc.*) |
| • "against real property" in ¶ 2.2 | • "against the real property" in ¶ 9 |
| • "admit the allegations" in ¶ 2.3 | • "admit all the allegations" in ¶ 10 |
| •  "recovery [sic] any amounts" in ¶ 2.8 | • "recover any amounts" in ¶ 16 |
| • "For an award of costs of suit, including but not limited to, reasonable attorneys' fees and costs pursuant to paragraph 6(e) of the Option Agreement; and" on p. 8 | • "For an award of costs of suit, including but not limited to reasonable attorneys' fees and costs pursuant to paragraph 6(e) of the Option Agreement, as well as Sections 12-120 and 12-121, Idaho Code; and" on p. 12 |

*Compare Answer* (Docket No. 13), *with Motion to Amend*, Ex. A. (Docket No. 68). Of these requested changes, only the last item is of any significance. More importantly, however, none of the requested changes bears any relation to Defendants' proposed "good cause," *i.e.*, that Defendants only recently allegedly learned of a party realignment. Even considering the recent enlightenment, the Court sees no reason why Defendants could not have sought to amend the answer to include these requested changes before the amendment deadline set in the Scheduling Order (Docket No. 20). In light of the state court proceedings between these parties, that information should have been known to Defendants and a motion filed early in this federal court proceeding. Accordingly, the Court concludes that Defendants have not established "good cause" for the requested amendment to the Answer under Rule 16(b).

Because Defendants have not established or demonstrated the required Rule 16(b) "good cause," it is of no consequence whether the requested amendment would be proper under Fed. R. Civ. P. 15. Therefore, in light of the absence of "good cause" to support requested amendments, Defendants' Motion to Amend their Answer is denied.

### III.

### MOTION TO CONTINUE TRIAL AND REQUEST FOR DELAYED RULING

On August 11, 2005, essentially just one month before the currently-set trial date, Defendants filed the instant Motion to Continue Trial and Request for Delayed Ruling requesting that the trial date of September 12, 2005 be continued to a time indefinite so as to allow Defendants' new counsel to become appropriately familiar with this file so as to be able to represent his clients effectively at trial. *Motion to Continue*, p.1 (Docket No. 79). Defendants also request the Court not rule on the Motion to Continue until on or after August 17, 2005. Inasmuch as August 17, 2005 has since passed, this request is now moot.

Local Rule 6.1(b) addresses requests for trial continuances.  It states:

> **(b) Requests for Trial Continuance.**  All requests to vacate, continue, or reschedule a trial date must be in the form of a written motion, must be approved by the client, and must state the specific reason(s) for the requested continuance.  A mere stipulation between the parties without providing the specific reason(s) for the requested continuance will be deemed insufficient.  Client approval can be satisfied either by the client's actual signature or by the attorney certifying to the Court that the client knows about and agrees to the requested continuance.  The requesting party must apprise the Court if they have previously been granted a trial date continuance in this particular action.

Defendants have submitted their request to continue the trial in writing, and defense counsel has certified to the Court that his client has approved the request.  Further, Defendants have stated the specific reasons for the requested continuance, *i.e.*, to allow more time for Donald W. Lojek, Defendants' new counsel, to become appropriately familiar with this file so as to be able to represent his clients effectively at trial.  *Motion to Continue*, p.1 (Docket No. 79).  However, Mr. Lojek was fully aware of this case's timing when he made his general appearance as counsel for Defendants on August 11, 2005. Therefore, the September 12, 2005 trial date did not come as a surprise to him.

A trial date in this case has already been set and reset a total of three times.  On July 1, 2003, a jury trial was initially set for June 15, 2004.  *Scheduling Order*, p. 1 (Docket No. 20).  On May 20, 2004, the Court granted Defendants' first Motion to Vacate Trial Date (Docket No. 33), resetting the trial for February 28, 2005.  *Minute Entry* (Docket No. 41).  On December 23, 2004, the Court granted the Defendants' second Motion to Vacate the Trial (Docket No. 53), and, on January 12, 2005, reset the trial for September 12, 2005.  *Order* (Docket No. 60).  Therefore, the instant motion, brought more than two years after the setting of the initial trial date and only one month before the currently-set trial, is Defendants' third motion seeking to extend the date of trial.

ORDER - 9

In light of the above, and in the interest of ensuring timely progress, henceforth, for this already frequently-delayed trial, the Court denies Defendants' Motion to Continue.

## IV.

## ORDER

In accordance with the conclusions stated above, IT IS HEREBY ORDERED:

1.    Defendants' Motion for Leave to Amend (Docket No. 68) is DENIED.

2.    Defendants' Motion to Continue Trial and Request for Delayed Ruling (Docket No. 79) is DENIED.



DATED:  **August 25, 2005**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

ORDER - 10